UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CHRISTOPHER HASTY** | **CIVIL ACTION NO. 21-3440** |
| | **SECTION P** |
| VS. | |
| | **JUDGE TERRY A. DOUGHTY** |
| **SERGEANT DAVE MULLENIX, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Plaintiff Christopher Hasty, a prisoner at Madison Parish Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately September 23, 2021, under 42 U.S.C. § 1983. He names Sergeant Dave Mullenix and Sergeant James Gambel[1] as defendants.[2] For reasons that follow, the Court should dismiss Plaintiff's claims of verbal abuse and lack of medical care. The Court should retain Plaintiff's excessive force claims.

### Background

Plaintiff alleges that on September 13, 16, or 18, 2021, he "went to pill call . . . to see if [his] medicine had been refilled." [doc. #s 1, p. 4; 5, p. 3]. He suggests that he lacked his medication for bipolar schizophrenia for one month. [doc. # 1, p. 4]. He also suggests that he lacked heart medicine, heart monitoring, and sleeping pills. *Id.* He has "heart problems which require" him to take medication on a regular basis. [doc. # 5, p. 5].

Plaintiff alleges that "they" did not fill his prescriptions even though (1) he requested the medicine and (2) they had his medical records. [doc. # 14, p. 1]. On September 23, 2021, he

---

[1] Plaintiff also uses an alternative spelling, "Gamble." [doc. # 1, p. 4].

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

"once again" asked a nurse a question, but the nurse "refused." *Id.* Plaintiff filed an amended pleading on approximately December 6, 2021, stating that "to this day [he has not] received any of [his] medication . . . ." *Id.*

When Plaintiff returned to his dormitory, Sergeants Mullenix and Gambel told him to "come here . . . ." [doc. # 1, p. 4]. Mullenix and Gambel placed "very tight" restraints on him. [doc. # 14, p. 1]. Defendants then slammed his head against the wall and told him to put his hands behind his back. [doc. # 1, p. 4]. They roughly escorted him out of the dormitory, placing their hands on his neck "in an aggressive manner." [doc. #s 1, p. 4; 5, p. 3]. Defendants ordered Plaintiff to sit down, but they did not specify where. *Id.* When Plaintiff attempted to sit in a chair, defendants told him to sit elsewhere. *Id.* When Plaintiff stood, defendants slammed him to the floor. *Id.* He fell on his hand, and the impact caused swelling, bruising, and cuts to his left wrist. *Id.* He "was rolled over face down[,]" and "both officers placed" something[3] on his neck and back. [doc. # 14, p. 1].

Plaintiff maintains that the uses of force were unnecessary and unprovoked. *Id.* He "never showed any aggression or threat." *Id.* He was not charged with a crime, and he did not receive any disciplinary action. *Id.* He states that Mullenix "later admitted that it was his fault." [doc. # 5, p. 4].

Following the uses of force, Plaintiff was "badly in pain[,]" and he was "not given any medicine for anything." [doc. # 5, p. 4]. That said, he "was later brought to a local emergency room[.]" [doc. # 14, p. 2].

Plaintiff also claims that Defendants verbally abused him. [doc. # 14, p. 1].

---

[3] Plaintiff does not specify what the defendants placed on or in his back. He writes, "both officers placed in my neck and back. [sic]." *Id.*

Plaintiff seeks $3,000,000.00 in damages.  [doc. #s 5, p. 5; 14, p. 2].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[4]  *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable

---

[4] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by

the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Medical Care**

Plaintiff claims that "they" have not filled his prescription medications. He maintains that as of approximately December 6, 2021, he has not "received any of [his] medication . . . ." Following the uses of force, he was "badly in pain[,]" but he was "not given any medicine for anything." [doc. # 5, p. 4].

The undersigned previously instructed Plaintiff to: (1) provide a separate description of what, exactly, each defendant did to violate his rights; in other words, provide a description of how each defendant participated in the violation of his constitutional rights; (2) provide a description of the injury or harm sustained as a result of each alleged violation; and (3) identify a defendant responsible for any claim of lack of medical care. Plaintiff, however, has not identified a responsible defendant or described the injury or harm from any lack of medical care.[5] *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant).[6]

---

[5] In addition, while Plaintiff states that to date he still lacks his medications, he does not seek any injunctive relief; rather, he seeks only monetary compensation.

[6] *See also Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("The court disregards bare assertions of collective responsibility, unsupported by concrete factual

5

Plaintiff does claim that he "once again" asked a nurse something, but the nurse "refused." [doc. # 14, p. 1]. However, it unclear whether Plaintiff is attempting to raise a claim. It seems that Plaintiff is simply providing context for his excessive force claims, stating that Gambel and Mullenix began to abuse him after he asked the nurse a question. [doc. # 14, p. 1]. Even assuming Plaintiff is attempting to raise a claim against a nurse, he does not name the nurse as a defendant or otherwise suggest that he seeks relief from the nurse. Assuming further that he does seek relief from the nurse, his ostensible claim is wholly conclusory. The undersigned instructed Plaintiff to explain how a defendant was deliberately indifferent to a substantial risk of serious harm and to describe all medical care/treatment that he received. Plaintiff did not respond to the undersigned's instructions. He does not specify what he asked the nurse, and he does not plausibly allege that he was exposed to a substantial risk of serious harm.

Accordingly, the Court should dismiss these claims.

**3. Verbal Harassment**

Plaintiff alleges that defendants verbally abused him. [doc. # 14, p. 1]. Verbal threats do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Likewise, allegations of mere verbal abuse do not give rise to a cause of action under Section 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *Siglar*, 112 F.3d at 191. The Court should dismiss this claim.

That said, the undersigned recommends retaining Plaintiff's related excessive force claims.

---

allegations."); *Jones v. Hosemann*, 812 F. App'x 235, 238–39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

<u>**Recommendation**</u>

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Christopher Hasty's claims of verbal abuse and lack of medical care be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 22nd day of December, 2021.

Kayla Dye McClusky
United States Magistrate Judge